# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

MICHAEL LESTER,

    Plaintiff

v.

JENNIFER FIELDS, JASON B. HORNE, and
CAMPBELL COUNTY BOARD OF EDUCATION,

    Defendants.

Case No. 3:24-cv-367

JURY DEMAND

## COMPLAINT

COMES the Plaintiff, MICHAEL LESTER, and sues the Defendants, JENNIFER FIELDS, JASON B. HORNE, and the CAMPBELL COUNTY BOARD OF EDUCATION, and would show this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1. This action arises from unlawful electronic surveillance including audio recordings of Plaintiff without his consent in violation of federal law, and Tennessee statutory and common law. It further involves false and defamatory statements about the Plaintiff made intentionally and/or negligently by the Defendants. Plaintiff, a tenured employee of the Campbell County School System, was placed in a false light as a result of those false statements. In addition to damages, Plaintiff seeks injunctive relief to prevent the recurrence of any of the wrongful actions complained of herein.

### II. JURISDICTION AND VENUE

2. The matter in controversy involves questions of federal law, giving this Court original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. The matter in controversy also involves ancillary claims that form part of the same case or controversy as those claims within the original jurisdiction of the Court. This Court has supplemental jurisdiction of such ancillary claims pursuant to the provisions of 28 U.S.C. § 1367.

4. The wrongful conduct and omissions giving rise to Plaintiff's claims alleged herein occurred in Washington County, Tennessee, and venue is therefore proper with this Court pursuant to 28 U.S.C. § 1391(b)(2).

### III. PARTIES

5. Plaintiff is citizens and resident of Campbell County, Tennessee.

6. Defendant JENNIFER FIELDS (hereinafter, "Fields") is a resident of Campbell County, Tennessee and may be served at the Campbell County Public Schools, 172 Valley Street, Jacksboro, Tennessee 37757, or wherever she may be found.

7. Defendant JASON B. HORNE (hereinafter, "Horne") is a resident of Greene County, Tennessee and may be served at Greeneville City Schools, 129 W. Depot Street, Greeneville, Tennessee 37743, or wherever he may be found.

8. Defendant CAMPBELL COUNTY BOARD OF EDUCATION is a statutorily created agency of Campbell County, Tennessee, vested with the management and operation of the Campbell County School System. It may be served through its Vice Chair and Acting Chair, Sharon Ridenour, at the Campbell County Schools, 172 Valley Street, Jacksboro, Tennessee 37757.

9. Plaintiff reserves the right to name or substitute as defendants any other entities and/or individuals who may be found to be responsible for the wrongful conduct alleged herein.

### IV. FACTS

10. Paragraphs 1 though 9 are realleged and incorporated in full as if fully set forth.

### A. Background

11. Defendant Fields is, and at all times material hereto was the "Director of Schools" of the Campbell County School System.

12. Defendant Horne was at all times material hereto the "Secondary Supervisor" of the Campbell County School System (hereinafter, the "CCSS").

13. Plaintiff Lester is a retired Major of the United States Army after a career of 21 years. Subsequent to his retirement, he was qualified by the United States Army to teach in the Army Junior Reserve Officer Training Corps ("JROTC") program administered by the federal government.

14. Plaintiff Lester was first employed by the CCSS in August of 2015 as an instructor and heads of the CCSS High School JROTC program. Plaintiff became a tenured teacher with the CCSS in 2020, and remains employed by the CCSS.

### B. Defamatory Statements

15. A series of disagreements arose between Lester on the one hand, and Fields and Horne on the other. That resulted in the making of certain statements.

16. On September 8, 2023, Defendant Fields caused a letter to be sent under his signature to Maurice Bennett, the Chief of Operations of the Seventh Brigade of the United States Army Cadet Command for JROTC, a true and correct copy of the letter being attached hereto as Exhibit A (hereinafter, the "First Letter").

17. Defendant Fields states in the First Letter that the purpose of the letter was to "request the removal of [Plaintiff] Major Michael Lester from his current assignment at Campbell County High School." The letter contained a series of false and defamatory statements, including allegations that Plaintiff "consistently demonstrated a lack of discipline," "repeatedly displayed insubordinate behavior," and failed to "adhere to the established chain of command."

18. On September 11, 2023, Defendant Horne caused a letter to be sent under his signature to the Plaintiff, a true and correct copy of which is attached hereto as Exhibit B (hereinafter, the "Second Letter").

19. Defendant Horne states in the Second Letter that Plaintiff Lester was being suspended "pending an investigation into your conduct," for which he stated in support:

> We were notified on Monday, September 11, 2023, that you are being investigated by the U.S. Army 7th Brigade Cadet Command for incidents that rise to the level of "conduct unbecoming to a member of the teaching profession" in T.C.A. 49-5-501(3)(D), "Inappropriate Communication (Non-Exp0licit)" as defined in State Board of Education Policy 0520-02-03-.09(d), the TN Teacher Code of Ethics, and Campbell County Board Policies 5.610(3), and 5.611(1).

20. In fact, Plaintiff was not under investigation by the United States Army, making that a false statement. Further, since the Plaintiff was never under investigation, it was impossible for the CCSS to have been informed of such an investigation, making that another false statement. The Second Letter nevertheless remained, and still remains in the Plaintiff's personnel file.

21. Plaintiff was then forced to accept a "non-negotiable" growth plan on false pretenses that contained false statements (the "Growth Plan"). Plaintiff wrote that it was signed under duress, and he further submitted a rebuttal to the false allegations in the Growth Plan.

### C. Publication of Statements

22. The false and defamatory statements made by Defendant Fields in the First Letter set forth *supra* were published by her in that the letter was sent to the United States Army.

23. The Second Letter was placed and remains in the Plaintiff's school personnel file, and it is therefore a public record available to every member of the public.

-4-

24. The Growth Plan was published by being placed in the Plaintiff's school personnel file, making it a public record available to every member of the public. That Growth Plan with its false statements – but not Plaintiff's rebuttal – was similarly submitted to the United States Army.

25. The false statements set forth *supra* were further published by Defendant Fields during her statements at public meetings of the Campbell County Board of Education, as well as access being provided to the media, true and correct articles published in the newspaper being attached hereto as Exhibit C and Exhibit D.

### D. Unlawful Electronic Surveillance

26. As the situation recounted herein unfolded, and upon information and belief, each of Defendants participated in, or directed that electronic recording equipment to be installed in the Plaintiff's classroom, a facility in which certain aspects are governed by federal law and regulations when utilized for the JROTC program, as well as other locations.

27. The electronic recording equipment was installed to keep surveillance of the Plaintiff, including times that he was alone and without students or other individuals being present.

28. Upon information and belief, each of the Defendants participated in, or directed the interception and recording of statements made by the Plaintiff, including telephone conversations he had in the classroom and other locations when he was alone and no other person was present.

29. Plaintiff at no time authorized or consented to the electronic surveillance, recording, or use of any such recording of his person, actions, or statements.

### E. Damages

30. As the proximate and direct result of the foregoing wrongful conduct, Plaintiff has suffered damages for which the Defendants are liable as set forth *infra*. Plaintiff's damages include,

-5-

Case 3:24-cv-00367-KAC-DCP   Document 1   Filed 09/06/24   Page 5 of 10   PageID #: 5

but are not limited to damage to his reputation, as well as the fact that the false First Letter is now in his permanent government file, and that it has created a "flag status" that will impact the Plaintiff's career with the United States Army's JROTC program.

## V. CAUSES OF ACTION

### A. Individual Liability

31. Paragraphs 1 though 30 are realleged and incorporated in full as if fully set forth.

**(1) Defamation - Libel**

32. Defendant Fields published the false statements in the First Letter with knowledge that the offending statements were false and defaming to the Plaintiff. In the alternative, Defendant Fields sent the first letter with a reckless regard for the truth of the statements, and further failed to act as a reasonable person would to first ascertain the truth of the statements.

33. Defendant Horne published the false statements in the Second Letter with knowledge that the offending statements were false and defaming to the Plaintiff. In the alternative, Defendant Horne did so with a reckless regard for the truth of the statements, and further failed to act as a reasonable person would to first ascertain the truth of the statements.

34. Defendants further published the false statements in the Growth Plan with knowledge that the offending statements were false and defaming to the Plaintiff. In the alternative, Defendants did so with a reckless regard for the truth of the statements, and further failed to act as a reasonable person would to first ascertain the truth of the statements.

**(2) Invasion of Privacy - False Light**

35. By publishing the defamatory statements in the First Letter to the public, Defendant Fields gave publicity to a matter concerning the Plaintiff that placed him before the public in a false light that would be highly offensive to a reasonable person.

36. In publishing the defamatory statements in the First Letter, Defendant Fields had knowledge of, or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff would be placed.

37. By publishing the defamatory statements in the Second Letter to the public, Defendant Horne gave publicity to a matter concerning the Plaintiff that placed him before the public in a false light that would be highly offensive to a reasonable person.

38. In publishing the defamatory statements in the Second Letter, Defendant Horne had knowledge of, or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff would be placed.

39. By publishing the defamatory statements in the Growth Plan to the public, Defendants gave publicity to a matter concerning the Plaintiff that placed him before the public in a false light in that the false light would be highly offensive to a reasonable person.

40. In publishing the defamatory statements in the Growth Plan, Defendants had knowledge of, or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff would be placed.

**(3) <u>Unlawful Electronic Surveillance - Invasion of Privacy</u>**

41. The JROTC classroom was not a common area, and Defendants had no authority or consent to monitor and record actions and statements within the JROTC classroom.

42. Plaintiff has a reasonable expectation of privacy in his classroom when students were not present, as well as other locations where no other person was present. This included, but is not limited to, his conversations with officials with the United States Army to which he was under no duty to share with any of the Defendants.

43. By intentionally watching and recording the actions and statements of the Plaintiff without his consent as set forth herein, Defendants intruded upon the solitude and seclusion of the Plaintiff as to his person as well as his private affairs and concerns.

44. Defendants' intrusion upon the solitude and seclusion of the Plaintiff would be highly offensive to a reasonable person, and Defendants are therefore liable for invasion of privacy.

### (4) Unlawful Interception, Disclosure, and Use of Electronic Communications

45. Defendants' wrongful actions set forth herein in intentionally monitoring, recording and intercepting the communications of the Plaintiff without authorization constitute a violation of 18 U.S.C. § 2511 for which Plaintiff seeks redress pursuant to 18 U.S.C. § 2520.

46. Defendants' intentional disclosure of intercepted communications of the Plaintiff without authorization constitute a further violation of 18 U.S.C. § 2511 for which Plaintiff seeks redress pursuant to 18 U.S.C. § 2520.

47. Defendants' intentional use of intercepted communications of the Plaintiff without authorization constitute a further violation of 18 U.S.C. § 2511 for which Plaintiff seeks redress pursuant to 18 U.S.C. § 2520.

48. Defendants' wrongful actions set forth herein in intentionally monitoring, recording and intercepting the communications of the Plaintiff without authorization constitute a violation of Tenn. Code Ann. § 39-13-601 *et. seq.* in that a device prohibited by that statute was utilized, for which Plaintiff seeks redress.

49. Defendants' intentional disclosure of intercepted communications of the Plaintiff without authorization constitute a further violation of Tenn. Code Ann. § 39-13-601 *et. seq.* for which Plaintiff seeks redress.

50. Defendants' intentional use of intercepted communications of the Plaintiff without authorization constitute a further violation of Tenn. Code Ann. § 39-13-601 *et. seq.* for which Plaintiff seeks redress.

### B. School System Liability

51. Paragraphs 1 though 50 are realleged and incorporated in full as if fully set forth.

52. The foregoing causes of action are brought against the Campbell County Board of Education (hereinafter, the "CCBE") pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-202 *et. seq.* (the "GTLA").

53. Defendant CCBE authorized and directly participated in the publishing of the First Letter, the Second Letter, the Growth Plan, as well as engaged in the unlawful surveillance and recording, the result of which was damages suffered by the Plaintiff as set forth more fully herein.

54. In the alternative, Defendant CCBE owed the Plaintiff a duty of care to oversee and control the actions of its employees under the GTLA, and specifically its managing agents Defendants Fields and Horne. Defendant CCBE breached that duty of care as set forth herein, the result of which was damages suffered by the Plaintiff as set forth more fully herein.

55. Based on the foregoing, Defendant CCBE is liable to Plaintiff for libel, invasions of privacy, and the statutory violations set forth *supra* under the GTLA.

WHEREFORE, Plaintiff respectfully prays:

A. For process to issue requiring Defendants to appear and answer;

B. For injunctive relief to prohibit each of the Defendants, and anyone acting in concert with them, from publishing any further false and defamatory statements about the Plaintiff, or which would place him in a false light before the public, or engaging in any further unlawful electronic surveillance as set forth herein;

C. For an award of statutory damages;

D. For compensatory damages in an amount according to proof;

E. To the extent the actions of the individual Defendants are proven to be intentional and/or reckless, for an award of punitive damages against each of the individual Defendants;

F. For an award of attorneys' fees, discretionary costs, and expert witness expenses;

G. For a trial by jury for all matters properly tried by a jury; and,

H. For such other and further relief which the Court deems just and proper.

Respectfully submitted this 6th day of September, 2024.

**PLAINTIFF:**

_____
MICHAEL LESTER

**OF COUNSEL:**

_____
Dale J. Montpelier, BPR No. 17125
MONTPELIER & ASSOCIATES, P.C.
550 W. Main Street, Suite 600
Knoxville, Tennessee 37902
Telephone: (865) 673-0330
email: *dale@montpelier.law*

Attorney for Plaintiff